Jon P. Jacobs (SBN 205245)
Terry L. Baker (SBN 214365)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Tel: (916) 663-6400
Fax: (916) 663-6500
terry@lemonbuyback.com

Attorneys for Plaintiffs
CHRISTOPHER and REBECCA HART

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| CHRISTOPHER and REBECCA HART, <br><br> Plaintiffs, <br><br> vs. <br><br> FOREST RIVER, INC., a corporation; TURLOCK RV CENTER, INC., a corporation, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> • Magnuson-Moss Warranty Act; <br> • Song-Beverly Act; <br> • Breach of Express Warranty; <br> • Breach of Implied Warranty; <br> • Unfair Competition |

**DEMAND FOR JURY TRIAL**

Plaintiffs allege that, at all times relevant:

## JURISDICTION

1. The court has federal question jurisdiction under 15 U.S.C. § 2310 and Title 28 U.S.C. § 1331, as well as supplemental jurisdiction over plaintiffs' state law claims under Title 28 U.S.C. § 1367. The amount in controversy exceeds $50,000.00 for plaintiffs, exclusive of costs and interest.

## PARTIES

2. Plaintiffs Christopher and Rebecca Hart (hereinafter "plaintiffs"), at all times mentioned, was, and still are, competent adults residing in Markleeville, California.

3. Defendant Forest River, Inc. (hereinafter "FRI") is an Indiana corporation doing business in Mendocino County, California.

4. Defendant Turlock RV Center, Inc. (hereinafter "TGV") is a California

---
Hart, et al. v. Forest River, Inc., et al.    COMPLAINT
1

corporation doing business as Best RV Center in Turlock, California.

## FACTS COMMON TO ALL COUNTS

5. On July 29, 2017, plaintiffs purchased a new 2018 Cardinal travel trailer ("trailer") from TGV in Turlock, California, for a price of $107,852.40 including fees, taxes and interest. In connection with plaintiffs' purchase, defendant FRI issued to plaintiffs express written warranties on the trailer and components. A copy of FRI's warranty is attached as Exhibit A.

6. Subsequent to plaintiff's purchase, the trailer exhibited numerous defects in material and workmanship that substantially impair the trailer's use, value and safety. Plaintiffs delivered the trailer to FRI's authorized repair facilities to have defects remedied. Despite affording FRI a reasonable opportunity to cure the defects in the trailer, it has not done so.

7. In September of 2018, because of the numerous defects and the exorbitant amount of time that the trailer was out of service, FRI compensated plaintiffs $8,000.00. However, in order for plaintiffs to obtain the compensation, FRI required plaintiff Christoperh Hart to sign a document releasing claims against FRI. Plaintiff Rebecca Hart did not sign the agreement. The release is attached hereto as Exhibit B.

8. As of today, the trailer remains defective. Plaintiffs have lost faith in the trailer.

9. FRI has not replaced the trailer or made restitution to plaintiffs.

## FIRST CLAIM FOR RELIEF
### Violations of the Magnuson-Moss Warranty Act
### (By Plaintiffs and against FRI)

10. Plaintiffs incorporate by reference all preceding paragraphs.

11. The trailer is a "consumer product" as defined by 15 U.S.C. § 2301(1).

12. Plaintiffs are "consumers" as defined by 15 U.S.C. § 2301(3) and the trailer was purchased for personal, family and household purposes.

13. FRI is a "warrantor" as defined by 15 U.S.C.§ 2301(5).

14. The express written warranties are "written warranties" as defined by 15

U.S.C. § 2301(6).

15. FRI violated the Magnuson-Moss Warranty Act by failing to conform the trailer to the express warranties within a reasonable number of attempts or a reasonable amount of time. FRI has failed to cure its failure to comply with the Act.

16. Prior to commencing this action, plaintiffs afforded FRI reasonable opportunities to cure the failures and to comply with the Act.

17. Pursuant to 15 U.S.C. § 2310(d)(1), plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiffs revoke acceptance of the trailer and rescind the contract. Plaintiffs are entitled to restitution of all consideration given.

18. As a proximate result of the violations of the Act, plaintiffs have sustained, and continue to sustain damages, both economic and noneconomic, in the approximate amount of $150,000.00.

19. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

**SECOND CLAIM FOR RELIEF**
**Violations of the Song-Beverly Consumer Warranty Act**
**(By Plaintiffs and against FRI)**

20. Plaintiffs incorporate all preceding paragraphs.

21. Plaintiffs are "buyers" as defined by Cal. Civ. Code § 1791(b).

22. The trailer is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

23. FRI is a "manufacturer" as defined by Cal. Civ. Code § 1791 (j).

24. Plaintiffs' purchase of the trailer was a "sale" as defined by Cal. Civ. Code 1791(n).

25. FRI violated the Song-Beverly Act by failing to conform the trailer to the express written warranties within a reasonable number of repair attempts or within the warranty periods and failing to promptly replace the trailer or make restitution to the plaintiffs.

26. The above-described defects, malfunctions, and nonconformities substantially impair the use, value, and safety of the trailer.

27. Plaintiffs have not made unreasonable or unintended use of the trailer.

28. Pursuant to Civil Code § 1793.2(d), defendants must refund the price of the trailer to plaintiffs.

29. Pursuant to Civil Code § 1794(a), plaintiffs are entitled to restitution.

30. As a direct and proximate result of said violations of the Song-Beverly Act, plaintiffs have sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $150,000.00 according to proof.

31. The failure of FRI to comply with the Song-Beverly Act was willful in that defendants had actual knowledge of the trailer's defects and malfunctions, knew of its legal duties under the warranty and the law, but repeatedly refused to make necessary repairs and/or provide a refund.

32. Pursuant to Civil Code § 1794(c), plaintiffs are entitled to a civil penalty of two times the amount of their actual damages.

33. Pursuant to Civil Code § 1794(d), plaintiffs are entitled to reasonable attorney fees according to proof.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty--Song-Beverly Consumer Warranty Act
### (By Plaintiffs and against All Defendants)

34. Plaintiffs incorporate by reference all preceding paragraphs.

35. Pursuant to Cal. Civ. Code § 1792, the trailer was accompanied by the manufacturer's and retail seller's implied warranty of merchantability.

36. Pursuant to Civil Code § 1793, and because of the existence of the express warranty, defendants may not disclaim, limit, or modify the implied warranty provided by the Song-Beverly Act.

37. Defendants breached the implied warranty of merchantability of Civil Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the trailer unfit for the ordinary purposes for which it is used and it would not pass without objection in the trade.

38. Pursuant to Civil Code § 1794(a), plaintiffs are entitled to restitution.

39. As a direct and proximate result of said breach of implied warranty, plaintiffs have sustained, and continue to sustain, incidental and consequential damages in the approximate amount of $150,000.00.

40. Pursuant to Civil Code § 1794(d), plaintiffs are entitled to reasonable attorney fees according to proof.

### FOURTH CLAIM FOR RELIEF
### Breach of Implied Warranty--Magnuson-Moss Warranty Act
### (By Plaintiffs and against All Defendants)

41. Plaintiffs incorporate by reference all preceding paragraphs.

42. Pursuant to 15 U.S.C. § 2301(7), the breaches by defendants of the state-law implied warranty of merchantability as set forth above also constitute breaches of implied warranties pursuant to the Magnuson-Moss Act.

43. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiffs revoke acceptance, rescind the contract, and claim full restitution.

44. As a proximate result of the breaches of implied warranty, plaintiffs have sustained, and continue to sustain, damages, both economic and noneconomic, in the approximate amount of $150,000.00.

45. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

### FIFTH CLAIM FOR RELIEF
### Breach of Express Warranty
### (By Plaintiffs and against FRI)

46. Plaintiffs refer to and incorporate by reference all preceding paragraphs.

47. At all times herein mentioned, on and prior to July 29, 2017, FRI utilized media, professional publications and salespersons to urge the use and sale of the 2018 Cardinal and its components, and expressly warranted to members of the general public, including the plaintiffs herein, that the trailer and its component parts were free from latent defects or inherent risk of failure and were effective, proper and safe for their intended use.

48. Plaintiffs relied upon said express warranty representations of defendants in

the purchase of the trailer.

**49.** FRI breached its warranties by selling trailers and components that did not conform to the promises contained in the warranties.

**50.** After plaintiffs sustained the damages complained of herein as a result of the defective condition of the trailer, notice was given by plaintiffs, who satisfied all terms of the contract and requirements, except as may be excused by misconduct of the defendants. This complaint shall serve as further notice of the breach described herein.

### SIXTH CLAIM FOR RELIEF
### Unfair Competition-Violation of Business and Professions Code Sections 17200, et Seq.
### (By Plaintiffs and Against FRI)

**51.** Plaintiffs incorporate all preceding paragraphs herein.

**52.** Plaintiffs are consumers and are suing in their individual capacity.

**53.** Beginning at an exact date unknown to plaintiffs but at least since September of 2018, FRI has committed acts of unfair competition as defined by Business & Professions Code § 17200, by engaging in the acts described herein.

### UNFAIR BUSINESS PRACTICES

**54.** The Song-Beverly Act mandates that a manufacturer of defective consumer goods repair the goods under warranty at no cost to the consumer with no strings attached. Here, defendant FRI required plaintiffs to "release" claims in order to obtain compensation that FRI was legally obligated to provide without a release.

**55.** FRI failed to inform plaintiffs that it was attempting to strip plaintiffs of their rights under California law. This conduct is both deceptive and unfair and constitutes unfair competition under California law.

### UNLAWFUL BUSINESS PRACTICES

**56.** These acts and practices, as described herein, violate Business & Professions Code § 17200 in the following respects: defendants' policy/practice of requiring consumers to sign a release of claims in order to obtain compensation violates the Song-Beverly Consumer Warranty Act, and, consequently, constitutes an unlawful business act or practice within the meaning of Business & Professions Code § 17200

57. The unfair and unlawful business acts and practices, as described above, present a continuing threat to members of the general public in that consumers will be deceived into signing a release of claims to obtain compensated that FRI is legally obligated to provide.

58. Plaintiffs have been damaged by defendant's actions.

59. Plaintiffs are entitled to injunctive relief and restitution pursuant to Business & Professions Code §§ 17203 and 17535.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

1.. That the contract be adjudged rescinded.
2. For restitution or a replacement trailer.
3. For incidental and consequential damages.
4. For actual and statutory damages.
5. For reasonable attorney fees according to proof.
6. For costs and expenses incurred herein.
7. For such other relief as the Court deems proper.
8. For a civil penalty of two times plaintiffs' actual damages.
9. Pursuant to Business and Professions Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, plaintiffs pray that FRI be preliminarily and permanently enjoined from committing the acts and practices described above.

Dated:   May 16, 2019            LAW OFFICES OF JON JACOBS


/s/ Terry L. Baker
TERRY L. BAKER
Attorney for Plaintiffs

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand trial by jury.

Dated:      May 16, 2019            LAW OFFICES OF JON JACOBS


                                    /s/ Terry L. Baker
                                    TERRY L. BAKER
                                    Attorney for Plaintiffs

EXHIBIT A

# Warranty

**LIMITED WARRANTY MOTORIZED PRODUCTS**         **FOREST RIVER INC.**
**RECREATIONAL VEHICLES BY FOREST RIVER INC.**

Thank you for choosing to purchase a Recreational Vehicle by Forest River Inc., a fine product in which design and construction have received the care that quality demands. This important warranty covers many items and is indicative of our desire to stand behind our products and assure our customers' complete satisfaction. If at any time the need arises to speak with a Forest River representative please find our contact information in our owner's manual or at www.forestriverinc.com.

**WARRANTY COVERAGE SUMMARY OF WARRANTY:** Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030 (Warrantor) warrants to the ORIGINAL CONSUMER PURCHASER ONLY, when purchased from an authorized Forest River Inc. dealer, for a period of one (1) year or twelve thousand (12000) miles, whichever occurs first from the date of purchase (Warranty Period), that the body structure of this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to Warrantor.

**EXCLUSIONS FROM THIS WARRANTY:** Warrantor expressly disclaims any responsibility for damage to the unit where damage is due to condensation, normal wear and tear or exposure to elements. Warrantor makes no warranty with regard to, but not limited to, the chassis including without limitation, any mechanical parts or systems of the chassis, axles, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment. Their respective manufacturers and suppliers may warrant some of these items. Warranty information with respect to these items is available from your dealer.

This recreational vehicle is designed solely for its intended purpose of recreational camping and personal use. Warrantor makes no warranty with regard to any recreational vehicle used for commercial, rental, or business purposes, or any recreational vehicle not registered and regularly used in the United States or Canada. For purposes of this limited warranty, it shall be deemed conclusive evidence of commercial, rental, or business purposes if the recreational vehicle is licensed, titled, registered, or insured in the name of any corporation, LLC, or any other form of business or commercial entity.

**LIMITATION AND DISCLAIMER OF WARRANTIES: WARRANTOR EXPRESSLY LIMITS THE DURATION OF ALL EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE EXCEPT IN THOSE STATES THAT DO NOT ALLOW THIS EXCLUSION. WARRANTOR EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD.** No action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration of the Warranty Period. There is no warranty of any nature made by the Warrantor beyond that contained in this Warranty. No person has authority to enlarge, amend or modify this Warranty or to bind the Warrantor to any action under this warranty, except the Warrantor.

Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

**DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: THE ORIGINAL CONSUMER PURCHASER OF THIS RECREATIONAL VEHICLE AND ANY PERSON TO WHOM THIS UNIT IS TRANSFERRED, AND ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THIS UNIT, SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES.**

Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

**NOTICE** of any dispute or claim arising under this warranty or any applicable Federal or State laws must be sent to Warrantor at: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030

The terms, conditions, rights and responsibilities of this warranty shall be governed by the laws of the State of Indiana notwithstanding any other state laws.

**WARRANTOR'S OBLIGATIONS:** Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair or replacement. Warranty performance can only be obtained at Warrantor's authorized dealers and service centers and from Warrantor at the discretion of the Warrantor. All costs incurred in transporting this recreational vehicle for warranty service shall be borne by Purchaser. Warrantor shall remedy the defect within a reasonable amount of time after appointment and delivery by Purchaser. All of Warrantor's expenses in remedying the defect shall be borne by the Warrantor.

**PURCHASER'S OBLIGATIONS:** Purchaser shall deliver this recreational vehicle for warranty service within a reasonable time after discovery of the defect and in no event after expiration of the Warranty Period, which Warranty Period is one (1) year. All expenses incurred by Purchaser in obtaining warranty service shall be borne by Purchaser. Warranty service shall, whenever possible, be scheduled with the selling dealer by an appointment in order to avoid possible delays. Purchaser can, if necessary, obtain a list of persons authorized to perform warranty service by contacting Warrantor at the above address. No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

**EVENTS DISCHARGING WARRANTOR FROM OBLIGATION UNDER THIS WARRANTY:** Misuse or neglect, including failure to provide reasonable and necessary maintenance, unauthorized alteration, accident, and improper loading, commercial use or leasing of the recreational vehicle, shall discharge Warrantor from any obligation under this Warranty. Notwithstanding these or other terms discharging the Warrantor, the provision of service by a Forest River authorized service center, authorization of repairs by Forest River, or any other attempt to resolve a complaint or request for warranty service shall not constitute a waiver of Warrantor's rights.

**PARTS AND DESIGN CHANGES:** Warrantor reserves the right to change the parts and design of its recreational vehicle from time to time without notice and with no obligation to maintain spare parts or make corresponding changes in its products previously manufactured.

**OBTAINING WARRANTY SERVICE:** To ensure your local dealer's personal interest in your complete satisfaction, it is recommended that all warranty service be performed by the authorized dealer from whom you purchased your unit. Following a move or as you are traveling, should warranty service become necessary, such service shall be performed by any authorized dealer in the United States or Canada. Such service shall also, whenever possible, be scheduled by an appointment in order to avoid possible delays.

**WARRANTY REGISTRATION:** A warranty registration is to be completed by the owner at the time of purchase and returned to the Warrantor. The return of this registration is a condition precedent to warranty coverage; failure to return the completed registration to Warrantor will invalidate this Warranty.

**OTHER WARRANTIES:** As indicated in the paragraph above, entitled 'Exclusions From This Warranty', certain items that are not covered by this Warranty may be warranted separately by their manufacturers or suppliers. In order to validate those warranties, you may also be required to complete and return to the appropriate manufacturer the warranty forms included with the information package. See these warranties with respect to their terms and conditions. These other warranties may cover such items as chassis, tires, tubes, batteries, optional generators, and appliances, which are not covered by this Limited Warranty. For service or parts required for these products, it may be necessary to write or call the product manufacturer to obtain the nearest authorized service center location. In requesting parts for separately warranted products from the manufacturer of the product or its authorized service center, it may also be necessary to first obtain a warranty work authorization number before the work is done. It may also be necessary to provide the Product Name, Model and Serial Number along with the description of the problem and part needed, plus shipping instructions.

**OWNER ASSISTANCE:** Your confidence and goodwill are important to Forest River Inc. as is maintaining a pleasant relationship with our dealers. We, at Forest River, recognize that there may be occasions when a warranty or service problem is not handled to your satisfaction. After discussing the situation with the dealership management, if your problem has not been resolved to your satisfaction, we welcome you to contact the Forest River Customer Service Manager at the address listed above. Our recommendations for an agreeable solution will be communicated to the local dealer. Forest River customer service contacts can be found in our owner's manual or by visiting www.forestriverinc.com.

**THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.**

Revised 11/7/18

EXHIBIT B

## Affidavit of Agreement

It is herewith agreed and acknowledged Forest River Inc. is providing Eight Thousand Dollars ($8000.00) and a one year Warranty Extension in Consideration for all days unit was out of service for warranty service payable to Christopher Hart as customer goodwill on the Cardinal unit, VIN No.: Vin #4X4FCAR25GG101333.

It is agreed and acknowledged that this consideration is not construed as a warranty payment on the items covered by the repair orders nor does it fall under the terms of the Forest River Inc. Limited Warranty.

The one year Warranty Extension shall follow the terms and conditions as outlined in the Forest River Inc. Limited Warranty received and accepted at the time of purchase. This coverage, as described in the original limited warranty, is exclusive of the major components (including, but not limited to the chassis) and appliances as they carry their own separate manufactures warranty. It is inclusive of all Forest River Inc. workmanship and materials. It is agreed that through the extended warranty period that no claims or actions shall be filed or alleged, including but not limited to, breach of express or implied warranty and that the available recourse hereinafter for any alleged damages shall be the costs to repair.

Christopher Hart deposes and says upon his oath that; In return for the consideration paid I promise and covenant that all past days out of service regarding the Cardinal identified above in the past thirteen months, attributable to the completion of Forest River Inc. warranty procedures, are now and forever forgotten and forgiven. It is the same as if they never happened.

This agreement will be void and cancel if not executed by signature and notary and returned to Forest River before September 18, 2018.

By signature below and intending to be legally bound to and by this Affidavit of Agreement of my own free will I attach my signature.

IT IS AGREED:

X _____
**Christopher Hart (Owner)**

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared __Christopher Hart__ and acknowledged the execution of the above and foregoing instrument as his voluntary act and deed.

WITNESS my hand and official seal this 4th day of September, 2018.

__Jenna Jenkins__. Notary Public in __Douglas__ County, __Nevada__ State My Commission Expires: __1-12-2021__

JENNA JENKINS
NOTARY PUBLIC
STATE OF NEVADA
No. 17-1289-5   My Appt. Exp. Jan. 12, 2021

X _____
**Caralea I. Batts (Forest River)**